IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN COOPER, AND JEFFREY COOPER,<br><br>    Plaintiffs,<br><br>  vs.<br><br>SHAWN REDDING,<br><br>    Defendant. | **8:15CV441**<br><br>**TRIAL PREPARATION ORDER** |

**1.**  **PRELIMINARY MATTERS:**

  The Final Pretrial Conference was held in this matter on January 6, 2017. During the Conference, the parties discussed their respective motions in limine. (Filing Nos. 37 & 41.) After some discussion of the issues raised in each of the motions, the parties agreed that the Court should grant paragraphs 2, 3, and 4 of Filing No. 37. Paragraph 1 of Filing No. 37 is moot because Plaintiffs are not claiming lost wages. As to Filing No. 41, the parties agreed that the Court should grant paragraphs 2, 3, 4, 5, 6, 7, 9, 10, and 11. The parties want to further argue to the Court paragraphs 1, 8, and 12 of Filing No. 41. The Court will hear arguments on paragraphs 1, 8, and 12 of Filing No. 41 the morning of trial, prior to jury selection. Accordingly, Defendant's Motion in Limine (Filing No. 37) is granted as to paragraphs 2, 3, and 4. Paragraph 1 of Filing No. 37 is denied because it is moot. Plaintiffs' Motion in Limine (Filing No. 41) is granted as to paragraphs 2, 3, 4, 5, 6, 7, 9, 10, and 11, with paragraphs 1, 8, and 12 to be resolved on the day of trial.

  Another issue raised at the Pretrial Conference is whether the Court may take judicial notice of motor vehicle stopping distances. The parties have been directed to file briefs regarding this issue. Plaintiffs' brief shall be filed by January 16, 2017. Defendant's responsive brief shall be submitted by January 23, 2017. The Court will resolve the question relating to judicial notice at the time of trial.

2. **PRETRIAL MOTIONS:**

A. **Continuance**. Trial will timely commence at 9:00 a.m. on January 30, 2017, in Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. Trial will be held in Courtroom No. 7. Any motion to continue trial must be accompanied by a supporting affidavit and a proposed order, and delivered to Magistrate Judge Susan M. Bazis.

**THE FOLLOWING MATERIAL MUST BE SUBMITTED NO LATER THAN FIVE (5) WORKING DAYS BEFORE THE SCHEDULED DATE OF TRIAL:**

3. **PRETRIAL SUBMISSIONS:**

A. The following documents shall be **filed electronically** with the Clerk of the Court: trial brief, witness list, exhibit list, proposed jury instructions and verdict form(s).

B. In addition, each party shall e-mail to my chambers (bazis@ned.uscourts.gov) the proposed jury instructions, verdict form(s), witness list, and exhibit list, preferably in Word format.

4. **DISCOVERY MATERIAL:** Use of discovery material as substantive evidence is controlled by the Pretrial Order and the following requirements:

A. **Depositions:**

**Proponent:** The proponent of a deposition to be used at trial shall deliver a copy of the deposition to my chambers. If less than the entire deposition will be offered, the proponent shall deliver: (1) a list or index designating by page and line(s) the testimony to be offered, and (2) a copy of the entire deposition with highlighted parts to be offered.

**Objections:** A list or index of objections to another party's designated deposition testimony shall be delivered to my chambers and shall identify by page and line the location of the objection and shall identify the precise nature of the objection.

B. **Videotaped Depositions:**

**Proponent:** Videotaped depositions shall be delivered to my chambers as stated in the previous paragraph. The proponent shall provide a transcript with the prospective testimony indexed and highlighted.

**Objections:** A list or index of objections to another party's designated videotaped testimony shall be delivered to my chambers. The Court may require editing of the video tape in response to pretrial rulings on objections.

C. **Interrogatories and Requests for Admissions:** The format and requirements for use of, and objections to, deposition testimony shall also apply to answers to interrogatories and requests for admissions, including matters deemed admitted because unanswered. *See* Fed. R. Civ. P. 36(a).

5. **EXHIBITS:**

A. **Court's Copies:** Each proponent of exhibits shall prepare a three-ring binder containing a copy of each exhibit to be offered. The binder shall be organized by dividers and tabs for quick retrieval of an exhibit during trial, and shall be delivered to chambers no later than five (5) working days before the scheduled date of trial.

B. **Original Exhibits:** Exhibits shall be properly listed and identified on the exhibit form supplied by the Clerk of Court's Office, which are available on the Court's website.

C. **Marking of Exhibits:** All exhibits must be pre-marked with stickers that indicate whether Plaintiffs or Defendant is offering the exhibit. Plaintiffs' exhibits will begin with

number "1." Defendant's exhibits will begin with the three-digit number rounded to the next hundred after Plaintiffs' last exhibit.

**6.     WITNESSES:**

    **A.     Lists:**  A party's witness list shall include the full name and address for each such witness. Witnesses who do not appear to testify when scheduled will be considered withdrawn.

    **B.     Rule 26 Disclosures and Reports:**  If not previously received by the Court regarding a Rule 104 hearing, each party shall deliver to my chambers a copy of the Fed. R. Civ. P. 26(a)(2) disclosures regarding that party's expert witnesses identified in the Pretrial Order. Any expert whose Rule 26 disclosure is not received by the Court within five (5) working days before trial, or earlier if requested by the Court, will be considered withdrawn.

**7.     REQUESTS FOR INTERPRETERS OR COURTROOM EQUIPMENT:**

Please notify the courtroom deputy at least a week in advance if the services of an interpreter will be required for a hearing or trial. Please notify the courtroom deputy at least one week in advance of trial if you request the use of the DOAR evidence presenter, a large screen television, an illustrator pad/printer, an overhead projector, an easel, or headsets for the hearing impaired.

**8.     CONDUCT OF TRIAL:**

I will meet with counsel in chambers at 8:30 a.m. on the first day of trial. Trial will commence at 9:00 a.m. each day, unless otherwise ordered.  The Court will conduct the initial qualification of the juror, and counsel may supplement, but not repeat, the Court's voir dire examination. Any suggested questions for voir dire by the Court shall be delivered to my chambers.  The Court may impose a time limit on counsel's voir dire. Examination of witnesses will be by direct, cross, and redirect examination, but not recross unless authorized by the Court.

**9.    SETTLEMENT:**

By noon on the Friday before trial is scheduled to occur, counsel for all parties shall notify the Court if settlement has been reached. If settlement has not been reached, counsel shall contact chambers to receive instructions regarding how the Court may be notified of any settlement reached when the Court is not open for business. It is the responsibility of the counsel for all parties to notify the Court immediately of any settlement. If the Court is not so notified, or if settlement is reached after a jury panel is called to appear, costs may be assessed against the parties.

Dated this 11th day of January, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge