IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN COOPER, AND JEFFREY COOPER,<br><br>      Plaintiffs,<br><br>  vs.<br><br>SHAWN REDDING,<br><br>      Defendant. | **8:15CV441**<br><br>**ORDER** |

  This action arises out of a motor vehicle accident which occurred on September 10, 2012. (Filing No. 1.) Plaintiffs allege that Defendant negligently operated a tractor and trailer, which resulted in a collision with the rear of the automobile operated by Plaintiff Jonathan Cooper. (*Id*.) Plaintiff Jeffrey Cooper was a passenger in the vehicle operated by Jonathan Cooper. (*Id*.)

  Trial in this matter is scheduled to commence on January 30, 2017. Plaintiffs' brief requests that the Court take judicial notice of "reaction time and stopping distance for the Defendant who was operating a tractor-trailer at the time of the collision." (Filing No. 52 at CM/ECF p. 1.) In support of their position, Plaintiffs direct the Court's attention to the Nebraska Commercial Driver License Manual. (Filing No. 52-1.) While not entirely clear, it appears from Plaintiffs' brief that they actually want the Court to take judicial notice of the reaction time and stopping distance calculations contained in the Manual. Plaintiffs contend that this information would not be "offered so that the jury can determine the stopping distance of the Defendant's truck in this case, but to consider the testimony of the [D]efendant in light of . . . information in the commercial driver's license manual." (Filing No. 52 at CM/ECF p. 3.)

  Judicial notice is only appropriate where an adjudicative fact is not subject to reasonable dispute because it is "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Not only are neither of these circumstances present here, but taking judicial notice of such matters could unduly prejudice Defendant.

  By taking judicial notice of the Manual and calculations contained therein, the jury could be misled into believing that all types of tractor-trailers could be stopped within the same distance, regardless of other factors, such as the weight of the truck and road conditions. In other

words, the jury could be misled into thinking that Defendant's reaction time and stopping distance should have been substantially similar to those listed in the Manual, without considering other variables. Such was the concern in *Thomas v. Commerford*, 168 Conn. 64, 357 A.2d 476 (1975), where the Supreme Court of Connecticut found that judicial notice should not be taken of charts showing braking distances for vehicles, and that the better practice was to use expert testimony for such matters. In so holding, the court stated that there are many factors which affect the stopping distance of a motor vehicle and that "[c]harts showing stopping distances are based on certain assumptions as to those variable factors, which cannot be said to be generally known." *Id.* at 69. *See also* Hook v. St. Louis Public Service Co., 317 S.W.2d 644, 650 (Mo. Ct. App. 1958) ("Except within certain limits, we cannot take judicial notice of the distance required to stop an automobile . . . it cannot be said that it is common knowledge that an automobile traveling 15 miles an hour on a wet, slippery pavement can be stopped in 21 feet."). Because reaction time and stopping distances are not readily known and cannot be readily determined, and because judicially noticing these matters could unfairly prejudice Defendant, the Court will not take judicial notice of reaction time, stopping distances, or the contents of the Nebraska Commercial Driver License Manual.

Accordingly,

**IT IS ORDERED** that Plaintiffs' request for judicial notice of reaction time and stopping distances, or for the Court to judicially notice the calculations contained in the Nebraska Commercial Driver License Manual, is denied.

Dated this 26th day of January, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge